**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ARTHUR JAMES,**

    **Plaintiff,**

vs.                                                                **Case No. 4:18cv446-MW/CAS**

**THOMAS J. ROWLANDS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner proceeding pro se, initiated this case in late September 2018. ECF Nos. 1-2. Plaintiff's in forma pauperis motion, ECF No. 2, was insufficient to proceed. Thus, an Order was entered on October 5, 2018, directing Plaintiff to submit an amended in forma pauperis motion or pay the filing fee for this case. ECF No. 4. That Order was returned to the Court as undeliverable, ECF No. 5, but ten days later, Plaintiff submitted correspondence to this Court, ECF No. 6, which provided a different address at Union Correctional Institution. Another Order was entered directing the Clerk to mail the prior Order to Plaintiff at the updated address. ECF No. 7. Plaintiff was given until December 3, 2018, in which

to pay the filing fee or file an amended in forma pauperis motion. ECF No. 7. Plaintiff was advised that if he failed to comply with that Order, a recommendation would be made to dismiss this case. *Id.*

On November 8, 2018, that Order was also returned to the Court as undeliverable. ECF No. 8. The docket indicates that the Clerk's Office confirmed that Plaintiff was housed at Union Correctional Institution and re-mailed the Orders (ECF Nos. 4 and 7) to Plaintiff. *Id.* That mail was not returned to the Court, but Plaintiff has also not complied with the Orders.

Sufficient opportunity has been provided to Plaintiff if he desired to proceed with this litigation. Indeed, nothing further has been received from Plaintiff since he submitted the case initiating documents in September 2018. It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily

Case No. 4:18cv446-MW/CAS

vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff has not complied with Court Orders and has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order and that the pending in forma pauperis motion, ECF No. 2, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 14, 2019.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other**

**parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**